UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEXTER ETIENNE MODESTE,<br><br>                     Plaintiff,<br><br>           -against-<br><br>MICHAEL, *et al.*,<br><br>                    Defendants. | 21-CV-01062 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at the Metro West Detention Center in Doral, Florida, brings this *pro se* action under 42 U.S.C. § 1983, alleging that a police officer, a detective, and a corrections officer in Miami Beach, Florida, violated his constitutional rights. For the following reasons, this action is transferred to the United States District Court for the Southern District of Florida.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff, who is detained in Florida, filed this complaint regarding events occurring in the "JGK Center, Miami Beach Police Department, on Lincoln Road." (ECF 2 ¶ V.) The complaint suggests that Defendants reside in or near Miami Beach, Florida. (*Id.* ¶ IV.) Because Plaintiff does not allege that all of the defendants reside in New York or that a substantial part of the

events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Miami-Dade County, Florida, which is located within the Southern District of Florida. *See* 28 U.S.C. § 89(c). Accordingly, venue lies in the Southern District of Florida, *see* § 1391(b)(2), and this action is transferred to the United States District Court for the Southern District of Florida, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 8, 2021
         New York, New York

                                              _____
                                              COLLEEN McMAHON
                                              Chief United States District Judge